All right, thank you and we're sorry about the little delay. One fellow had trouble with his internet connection in the last argument and we apologize for having to appear in this unusual fashion, but unfortunately it's the only practical way to move the docket along right now and we hope that this won't last too much longer. I would like to make a couple of notes to you before we start. First of all, just the same as if we were in New Orleans, we do not allow video or audio recordings or photographs of this session. Second, we appreciate you're muting your telephones to clear the airspace. And third, we have decided we will allow the if you so choose. So again, in an effort to accommodate to this setting. With that, we will call and we want record excerpts. I mean, sorry, record citations when available. This is case number 19-60847 Swales v. KLLM and Jowers v. KLLM. We'll hear first from Mr. Monroe. Thank you, Judge Jones. If it please the court, my name is Clark Monroe. I'm here for KLLM Transport Services LLC. We're here today, Your Honor, on an interlocutory appeal where the district court has had significant concerns as to what precise standards should apply in a Fair Labor Standards Act question or condition at the stage of conditional certification. Specifically, the standard of review for this appeal is de novo because it is a question of law. The court should understand that the primary reason we're here is there is no clarity. It is a split presently among the various judges in the Fifth Circuit and, for that matter, in the country as to what the rule should be. Specifically, the rule at issue is presently the Lusardi rule that is applied by many district courts that looks at whether or not the parties are similarly situated to the opt-in parties, the potential opt-in parties. The courts are unclear as to how much scrutiny should occur at that initial level. As you know, the first stage of the Lusardi rule simply allows for substantial allegations that the putative class members were victims of a common, of a single policy decision or plan. With the problem that occurs when there's more discovery, as has been the case here, in fact, there's been substantial discovery in this case. Presently, there is enough information to make a closer decision, a closer, take a closer look at whether or not the parties in the potential opt-in parties are similarly situated. Specifically, the court below was unsure and even felt limited in his ability to go to a more precise, stricter scrutiny. Now, this split has occurred in two things, two different directions. Some district courts evaluate the similarly situated question in light of, in this case, the economic realities test. And they do look at whether or not it's possible to evaluate the individualized weighing of the factors of the economic realities test. But then other courts, for example, Walker v. Hongao America 870 F2nd 516, concluded that that type of evidence being considered at that stage is barred because presently, under the fairly lenient standard of the first step, it interpreted its discretion to be limited. Now, this split has not even been addressed by the plaintiffs in their brief. They ignored what a district court in Maine said is an irreconcilable split among the courts, the district courts, as to how much review can take place at the initial level when there's substantial discovery. And specifically in Scoville v. FedEx 811 F2nd 516, this split is, in fact, reconcilable, and it's reconcilable here by this court because presently, there's just simply a lack of clarity out there as to how far the court can go. The economic realities test, as the court knows, is a five-factor test. I won't go into that as whether or not an independent contractor is, in fact, properly classified or should have been classified as an employee. It's a very individualized inquiry. It requires looking at the various factors, looking at each individual party and each individual potential opt-in party, and evaluating whether or not they are, in fact, contractors or employees. And of course, under the FLSA, you must be an employee to even take advantage of the FLSA. And we believe that in our particular case, there was certainly sufficient evidence for Judge Jordan, and even he and his interlocutory order said that there certainly were questions here as to what the standard is, and under these circumstances with this evidence available, that could have impacted the outcome. It could have been a different outcome. Judge Jordan appeared to believe he had a hard stop, and by that, I mean, he thought he could only go to the first step and just require the plaintiffs to make a minimal showing. Now, in the plaintiff's brief, they argue that, oh no, he actually went and looked further at the evidence that he looked at our KLLM's evidence. It's very clear that the only thing he looked at was the complaint and the plaintiff's affidavits, because he never mentions... Why was Judge Jordan incorrect to say that the economic realities test was a matter of the merits of the case? What is your response to that? Well, Judge Jolly, my response would be that he doesn't have to look at the merits, and we're not, certainly we're not, and do not ask for a decision on whether they're employees or contractors. We're simply asking for a look at the factors, look at the five factors, look at the evidence available just on the four plaintiffs. I'm trying to... What did he mean when he said that the economic realities test is ultimately a test, a question, to be raised on the merits after the preconditional or the conditional certification? What did he mean by that in terms of application? What is the thorough meaning of that observation on his part? I think that he was concerned that by commenting on the different facts in the record about control or commenting on how the parties made different decisions about running their business, he was concerned that by commenting on that, he would be violating the Hoffman-LaRoche warning about not getting into commenting on the merits and soliciting, when soliciting other opt-in parties. And I think that his comment, I think, went to the and certainly we're not asking him to determine the merits. We're simply asking him to ask the question, can these five factors, with the facts before me, be evaluated in one common trial that would result in one common answer? And if they can't, then it should not be certified for a collective and notice... One more question about Judge Jordan's disposition of this matter. He referred it to his majesty judge. Now, the impression that I got was he says, okay, this is my basic ruling and I'm going to refer it to the majesty judge. Y'all get together there and work it out and see if you can work out the proper class or collective. Is that more or less what he did? Judge Jolly, I don't think that's what he did because in the case management order, we had more or less, we, the plaintiff and the appellees, had agreed we would work out the notice later. All he was saying that we could get together and talk about the contents of the notice and how it'd be phrased, how it would be presented, so it did not look like the court was taking a position. The appellees did not present with their motion a proposed notice and we didn't either. Who was the notice going? Did Judge Jordan say the notice is going to every driver? Judge Jordan did, in fact, in his order, he did create a class. He defined the class in his order as any independent contractor, any party who signed an independent contract agreement before, I believe it was September the 25th of 2017, would, before that period for three years back, would get the notice. So there was no determination whether they were or weren't contractors. It was just the notice would go out to those parties. Does that answer your concern there? I guess it does. I mean, and then the merits of the question would be for these individuals to whom the notice was sent to come forward, and then the burden would be on you to try to decertify each member of the collective by showing that they did not satisfy the economic realities test. Judge Jolly, I think you are hitting on one of our primary points because if we send out this notice to several thousand potential contractor opt-ins, then at the end of the day, the only way to decide if any one of those contractors is an employee is to evaluate the facts for that one contractor. And we had a lot of facts in the record that are mentioned in our briefs that aren't here. But yes, we would have to come in and argue that it should be decertified because at trial, we would have to have an individual trial for each and every contractor that opted in. And that's simply just not plausible for this type of collective. And that's why our position is that the judge should have looked at it earlier, looked at it at the first step, because if you notice in the question presented, Judge Jordan talked about when there is substantial discovery. So when there's substantial discovery and the court can already look closely at whether or not the analysis can be made and the fact analysis can be made, then it's our position that the discretion to do that. Right now, because of this circuit split, the district courts seem to be under the impression, some believe that they can look at those facts right now and make that decision, and others believe that they're barred. Now, the plaintiffs or the appellees assert in their brief that we're looking for a narrow rule. We're really not. We're actually looking for a broad rule. They say we're trying to draw a hard line at page five of their brief. We're really not. We're saying give the district judge the ability to look at the facts before the judge at that point in time and let the judge decide, can with these facts I certify a class that will later survive decertification motions? Because just like the laying court talks about too much leniency can lead to inefficiencies, if you certify a large class and a large number of opt-ins, it simply cannot be evaluated on an individual basis. Because keep in mind, it's a totality of the circumstances analysis as to whether contractors are employees or not. Mr. Monroe, I have a bunch of questions about this, but my first one is we look very hard for how many cases there are under the Labor Standards Act that allegedly question whether independent contractors are employees. Do you know of those cases, where those are? Well, there are a fair number of cases out there. Some are cited in our briefs, and many of them... What are the best two or three? Well, I believe that in our briefs, we cite Vasco v. Walmart, 2004 Westlaw 149-7709, which is a district court of Louisiana, Quavey Huntington-Eagles at 2012 Westlaw 860-375, and Christensen v. Newport Drilling, which is 2015 Westlaw 126-8259. All of those are conditional certification cases where the court... I'm not... We haven't adopted Lusardi, so I'm a little... You're arguing this as if we've adopted Lusardi, right? Well, what I'm arguing... No, Judge Jones. I can't tell what you're arguing because at the end of your brief, you say, well, we want the judge to make this determination, but we don't want him to make that determination. You say we're not advocating whether the putative class members are truly independent contractors at this point, but if the evidence shows that they are not similarly situated for the economic realities test, then that decision should be made pre-notice. So what you're saying is they may or may not be independent contractors, but we're not really... But if they are, they're different kinds of independent contractors. Is that what you're trying to say? No, Judge Jones. What I think we are arguing is that... Well, I mean, what you read is accurate, but what we're arguing is that at this initial stage, the district courts, many of them feel they can't look at the evidence before them. In this case, there was enough evidence to determine, not if they're independent contractors. We're not asking for that decision at that stage. That, as Judge Jolly mentioned earlier, would be the merits. We're asking for the court... Go ahead. Such a question with multiple parties can be tried or not as a collective. And even with the parties in this case, the evidence is all over the place. Well, I suggest to you that the situation, that the determining whether a group of people are independent contractors or employees is a somewhat different situation under the Fair Labor Standards Act than determining whether they are donning and doffing at the same time or taking sufficient lunch breaks or not being allowed to go into the shade when it's hot and that kind of thing. In other words, this is a fundamental divide between whether they are covered or not covered at all by the law. Is it not? Yes, Judge Jones, it definitely is. It's almost a hurdle that they've got to get over, which is another reason that at the early stage, when there's sufficient evidence to determine... And Your Honor, I'm out of time. I can finish my answer. Please go ahead. So if there is sufficient evidence to make a determination at that point in time, then the court should do that early. Right now, the courts seem to believe that they can't look whether the case can be tried as a collective and they're just sending out notice. They get 1,000 contractors and then later they decertify. I mean, it does seem to me that if he examines it, it examines the economic realities test at this point, which I think is a very appropriate test to determine who is an... Obviously, an important test to determine who is an employee and who is an independent contractor. It has the effect of just killing the action at that point. Now, that may be the thing to do. I don't know. But I mean, if you start applying the independent contractor test at this point, you're going to find that everybody is different. Most everybody is different. Well, Judge Jolley, I think that if everybody is different, then that would say that maybe it shouldn't be tried as a collective. Well, I agree. I'm not disagreeing with that point. And I guess, I mean, what I'm saying is that the point is whether at that time is the place to make that decision as to whether there's going to be any ultimate success of putting together a group that has the commonality. What is the word? Similarly situated. Or similarly situated. Now, I read somewhere in here, and I don't know whether it's true, that there has never been a case in which decertification process ultimately produced a group of people. Is that true? That once you get past the conditional certification, that it never matures into... No, no. What the court said was no independent contractor case had ever been certified. That's what I mean. That's what we're dealing with here, right? Right. And I believe our brief said this is extremely rare that they survive. There may be a few. I won't say there's never, ever been one, but there are a few. The point is, if they are not going to survive, and the only way you could test whether they're going to survive is to have a rigorous examination of the economic realities test at the outset. Well, and that's precisely our position, that if the evidence is there, it should be done. And in fact, maybe the court should look closer and have some discovery on that point so that efficiency and time is not wasted on that issue. Otherwise, we're doing exactly what the Supreme Court suggested we not do, and that's engage in efficient expedition on behalf of the French. And that whole ocean of claimants and see who is going to bite the hook. And Judge Jolly, I agree with that statement precisely. And that's our reasoning as to why this analysis should happen early at the conditional stage, and the district court should have the authority to look at that evidence. Okay. You're way over time, so we'll give Ms. Perry an additional minute or two and turn it over to you. Ms. Perry. Thank you, Your Honor. Good morning, and may it please the court. My name is Danielle Perry, and I'm speaking today on behalf of the appellants, or excuse me, on behalf of the appellees. The issue before the court today is should the court be permitted to examine the criteria of an economic realities test and the evidence presented that pertains to it when determining whether proposed collective should be conditionally certified. The response, of course, and the district court below did that. Now, the difference between what appellees argue and where appellants stand and where the majority of the law sits as well is that a court is within its discretion to examine the prongs of the economic realities test to determine whether the plaintiffs and putative opt-ins are similarly situated within each prong. Judge Jordan below did that here. Now, in his well-reasoned opinion, Judge Jordan determined that given the discovery taken in this case, a heightened set standard should apply, a standard more stringent than the fairly lenient one typically applied in courts that are using the loose already two-step approach, but not one that is so heightened that it reached the standard applicable on final certification. And certainly, your honors, not so heightened that it reached the merits of this case. Did you did you oppose certification, ma'am? For that five-minute rule. I know. She can say yes or no and go on. Sorry. That's fine, your honor. No, no. We filed for conditional certification. Okay. I'm here for the appellees in this case. I know that. Okay. So, to assess the merits, as I was saying, at any stage of certification, whether it be conditional certification, notice, final certification, or decertification would be contrary to both rulings in the Fifth Circuit and the U.S. Supreme Court. Cites for that include both Hoffman and LaRoche and the JPMorgan Chase matter decided by the Fifth Circuit. Now, the district court here properly eschewed looking at the merits of the economic realities test. Rather, it exercised its discretion to measure it with the discovery that had taken place and apply the standard higher than that traditionally required at conditional certification and still found that conditional certification was warranted here because the plaintiffs, the opt-ins, and the putative class members were similarly situated enough that the information in front of the court at this point in time demonstrated that conditional certification was warranted and that plaintiffs should be permitted to proceed simply to provide notice to the rest of the class. Thus, the appellees here respectfully ask this court to affirm the district court's decision granting conditional certification, confirm that it acted within its discretion to examine the evidence pertaining to the economic realities test, and allow the litigation to proceed to the notice stage. Your Honors, the burden of proof and discovery in an FLSA misclassification case, the plaintiff must show two sides. One, that he was misclassified as an independent contractor, and two, that he had been compensated at less than the minimum wage. Both of these questions are merits-based and necessitate extensive discovery across a representative sampling of the class that sought to be represented. Discovery here has not been so substantial. What has been completed thus far demonstrates extensive similarities between plaintiffs and the potential opt-ins, and we have every expectation that representative discovery, once we know the entire scope of the class, will show the same. But neither we nor the court can know right now for sure until that discovery across the known scope of the class is done. That class cannot be determined in an FLSA action, and that discovery cannot be completed, and a case cannot be prepared for trial until after a court has granted conditional certification and permitted notice to be provided to the class. This itself is evident in the way that appellant has approached this briefing. Now, should appellant itself had determined that this case was prepared for trial, there's a and that procedure is a motion for summary judgment. That procedure was not used here by appellant's KLM. Instead, they opposed the motion for conditional certification and are now seeking to have this circuit send the case back for further reconsideration under a standard that simply does not apply on certification but is more properly applied once discovery is completed at a motion for summary judgment or at trial. This brings me to an important point, which is the two-step inquiry in FLSA cases. Now, I understand that this court has not specifically gotten behind a loose already two-step approach. However, this approach is used by a majority of courts across the United States. Under this approach, the first step or notice stage requires a court simply to decide whether potential opt-in should be provided notice of sue. Unlike its Rule 23 counterpart, conditional certification in the FLSA context does not by itself produce a class with an independent legal status or join additional parties to the action. Rather, the only consequence of the successful motion for conditional certification is that court-approved notice is sent to workers who may wish to join the litigation as individuals. Now, because it's a preliminary step by design and, in fact, a step that's designed as a case management tool for district courts, the district court is in the best position to determine the strength or the strictness of the standard that should be applied, is in the best position to know the litigation history, the factual history, the history of discovery taking place, and compare that to what it understands as unique factual issues and the amount of discovery that would need to be completed before a case is actually ready for trial or for a second judgment motion. Ms. Perry, I think you're open to questions now, and I will say when I said certification, I didn't mean step one or two. I meant 1292B. Did you object to the court certifying its opinion under 1292B? Under 216B, Your Honor? No, ma'am, for interlocutory appeal to this court. We did. We filed a petition against the appeal. And the reason we did so, Your Honor, is because such a wealth of opinions... Did you tell the judge that he had already made the decision and nothing more was to be done? No, Your Honor, I may have misunderstood your question. We objected to KLLM's petition for certification. All right. So basically, what you're telling us now is Judge Jordan did everything he was supposed to do, and all of his discussion about the uncertain standards among district courts was just irrelevant. Not irrelevant, Your Honor. Judge Jordan, with all due respect, Judge Jordan is a very thoughtful and a very careful jurist. And he normally doesn't write extraneous and just for the audience, like some district judges. I would agree with that, Your Honor. Well, let me just tell you why I think he did. I mean, I think this undercuts your whole argument, which is there's nothing to see here, just affirm and let Judge Jordan continue to do what he does. This is what he says about why this ought to go forward. Plaintiffs have minimally shown the existence of similarly situated individuals. All four named plaintiffs, A, paid per mile, B, entered a tractor lease purchase agreement. And by the way, I don't think your class distinguishes between the lease purchase plaintiffs and the others. And C, well, that's real and drove trucks, you know? I mean, those are the only two characteristics on which he said there is evidence suggesting common policies and practices, but he doesn't say anything about what the bad evidence is. So this is minimal to the point of bare bones, notwithstanding the alleged amount of discovery. I respectfully disagree with that, Your Honor. Here, Judge Jordan has made it clear, if only in his conclusion, where he states specifically that all arguments have to be considered, that he has considered evidence presented by both sides. Not only does he provide a laundry list of facts presented by plaintiffs, that goes to the similarity and the similarly situated nature of plaintiffs and potential opt-ins, but he also notes points by defendant, points made by KLM, such as the varying mileage rates paid to lease purchaser drivers or the varying hours worked by lease purchaser drivers. These two points specifically show that Judge Jordan didn't simply look at plaintiff's facts and ignore all the arguments and facts presented by KLM, but he considered both. Where he stopped short was making a finding on the merits, and this is where Hoffman LaRoche really constrains a district court. What was the reason he sent it to the magistrate judge? Judge Jordan sent it to the magistrate judge for clarification on the standard, and a question of how far he was able... Clarification on the standard of what? The standard on conditional certification where discovery has taken place, and how... Judge Jordan had not made a final decision on that, so he sent it to the magistrate to further inform him on that question. Is that correct? I'm sorry, I misunderstood your question, Judge. No, he sent it to the magistrate judge after closing, such that if this case did not successfully get to the appellate level stage, if it was rejected for the appeal by the Fifth Circuit, then the case would move to the magistrate judge to continue forward with the notice process that occurs after conditional certification is completed. Sorry, I meant the magistrate judge was to do nothing but to carry out the conditional certification in terms of notifying all of the people that qualified under the standard that he had set out. Yes, Your Honor. Judge Jordan was not turning it to the magistrate for any other purpose. Okay. Perry, what's your best case? ...providing notice... Your internet isn't coming through perfectly clearly, and I wasn't trying to interrupt, so we'll try to be a little slower on both sides. What's your best case for saying that a class action or a mass action of independent contractors should be certified at all? Your Honor, I would point the court to the case Hubbard v. General Dynamics Info. It's a 2019 Westlaw 2774332. It's out of the Southern District of Mississippi in 2019, and it includes a collection of cases in which independent contractor cases have in fact been certified. And just what more discovery do you say is needed here? Are they supposed to go out and depose all of these thousands of contractors? Is there any basis for amalgamating the lease purchase contractors with the other contractors who just drove their own trucks? I mean, how much more money is this company going to have to spend before you think the judge is able to certify or decertify? First, Your Honor, it's not a question of whether we think the judge is able to certify or decertify. I'm asking you objectively. Plaintiffs will maintain that should this court require a higher standard to be applied, plaintiffs have provided sufficient evidence to the court to maintain certification on a higher standard, even with the limited amount of discovery that has been. However, that being said, I can't, am I cutting out, Your Honor? No, I bet you were. But what do you say about the statement from some of these, at least one of these cases, that there has never been a case in which a conditional certification has wound up in a collective action? I believe as Mr. Monroe clarified, what they asserted was that it was rare and plaintiffs have set forth in the record. Okay, so my question is why do we want to go through notifying 1,000, 10,000, I don't know how many people are involved in this, but several thousand as I understand it, when they have no chance whatsoever of actually surviving ultimately as a collective action? Why don't we decide the basic parameters of that now and put the burden on the plaintiff to demonstrate that the class that is asserted has a reasonable chance of being certified as a collective action? None of them have ever been, apparently, or maybe it's very rare. And certainly when you have thousands, you send thousands of notices out and you come up with nothing. That just seems to me a useless process or worrisome process, contrary to what the Supreme Court has suggested that we should do in these collective cases. Respectfully, Your Honor, there are two points- Maybe a question in there somewhere. There are at least ways I can respond. There's a couple points I'd like to make in response. First, Your Honor, it is reading far too much into Judge Jordan's order to say that plaintiffs have no chance of maintaining certification should this case proceed. He mentioned on multiple points within his order that he does not know the scope of the class, does not know the people who are actually involved, and thus cannot rule using a standard that is recognized as appropriate on final certification or decertification. As to the question of merits and whether these individuals were actually classified as independent contractors, as I mentioned earlier, that is a question to be determined on a motion for summary judgment. And defendant has not filed that today. Well, you know, in their record excerpts, they have a reference to depositions, and they also list about six or seven pretty significant ways in which each of these independent contractor contracts was executed or differed. One big one being the lease purchase agreement, which characterized all four of these plaintiffs, but only at least a partial subset of all of the independent contractors. But apparently they were paid different rates. They were allowed, they were not, you know, some of them drove for one month, some of them drove for 15 years. I mean, you know, there are a lot of things that don't make sense in saying this should go forward. As when you look at the economic realities test, your honor, what you're looking at is a totality of circumstances and the amount of control that KLM or an employer exerted over the individuals that it is seeking to classify as no. Now that's that is about correct. And that is about whether any one of these drivers was actually an employee. And that seems to me what differentiate, and please feel free to explain where I'm wrong, but this is a critical divide between this and say a group of nurses who say, we work different shifts, we work 15 hours, then we didn't get time or the donning and doffing cases or the lunchtime cases, because then it's just a question of where does the evidence go? How much money, you know, if this is categorically something that should be compensated, how much does each plaintiff get? The reason Congress made this an opt in instead of an opt out class action was, I think that they assumed you were always dealing with employees and opt in with just the universe, you know, a simple deal. But this is not simple when you're saying are these employees or not? Your honor, respectfully, while it does add a second question, it is still a simple inquiry and one that can address be addressed on a representative basis. In its briefing to the district court, you're saying you've got nine plaintiffs. You're saying there are thousands more. You're saying you're not saying there's sufficient discovery right now to determine whether these were independent contractors or not. And what I had asked you was, how much more discovery would be needed to determine the universe of independent contractors? When proceeding towards final certification or decertification, we're looking at whether a universe of independent contractors can proceed on a representative basis towards either summary judgment or trial. The discovery that is typically completed at that time is a representative sampling of discovery that is hard fought and negotiated by both parties to the case and presented to the court as a statistically viable sample. That is typically where there's sufficient evidence in front of the court for that case to be ready for trial. However, even should you apply a heightened standard to this case. So I say that typically courts would prefer, like Judge Jordan, to know the scope of the class before decertifying or refusing to certify a case. Here, plaintiffs maintain that they have presented sufficient evidence towards the relevant aspects of the case to show that this case could in fact meet the standard on final or decertification at this point in time. However, because we are only at conditional certification. No, it seems to me. Because discovery was. I keep interrupting. I'm sorry, but you keep kind of going out. But it seems to me that we all agree apparently, I assume you agree, you've said so, that the economic realities test is an appropriate test to apply even at this point. If not quite, Your Honor, you've almost put a nail on the point I'm making, it's not necessarily the point I'm making. And that is that the economic realities test is the relevant test. I think that everybody agrees ultimately should be applied because it is the test that decides whether a person is an employee or an independent contractor. And every examination of the economic realities test as applied to an individual is an individual test. I mean, it's so almost unheard of that the economic realities test is going to be a uniform test that can be applied to everybody. Now, so if the economic realities test is the test that ultimately determines the class here, then it is an impossible class to put together. Then you can respond to that. Your Honor, there we absolutely and respectfully disagree. The economic realities test is not a test that must be applied on an individual basis. If you examine the record from the lower court at the fact set forth by plaintiffs with regards to the similarly in the framework of the criteria set forth by the economic realities tests, you will see that this is a very typical case of one where the policies and procedures that KLM has so closely govern and so closely control the plaintiff and potential opt-ins ability to make a profit, their ability to control their own job duties. You can't just generalize that. What are those policies that are separate from any that are dictated by federal law? The policies separate from those dictated by federal law include the fact that KLM sets the mileage rate for all class members. That all class members are required while under the independent contractor agreement to operate loads only provided by KLM and not by any other company. That KLM sets the price per load. Does that mean that they're under a non-compete or they simply can't blend two loads, one of them KLM and one of them another shipper at the same time? While operating under the terms of independent contractor agreement, they cannot take a load from any other customer, whether it's blended or whether it's separate. So you're saying it's like a non-compete, they're an exclusive independent contractor. Absolutely. Now there are mechanisms for a particular driver to withdraw from the independent contractor agreement and drive for another company, but at that point they're no longer actually working for KLM or contracting for KLM and that process is a lengthy one. It's not the question of just changing a status. In the record excerpts, this chart shows that several of these people work for only a few months. So what's so lengthy about that? Those, I believe one individual who works for only a few months, there's nothing lengthy about that except for that it is a short period of time for an individual to work for a company. He worked for KLM for that amount of time. During that time, he was so controlled by KLM that he was unable to control his own profit of what is supposed to be his own business and so he left. And what about obviously some people didn't leave and what about the people who allow other drivers to drive their loads? Those individuals have some differences in that they've got to be independent contractors in that case. They can't be employees because they're employees with employees. That's absurd. And should that be the case, Your Honor, and should there be sufficient persons within the class that is currently defined who are outliers to the main lease contractors that we seek to represent, then we have the right and the obligation to, as the case uncovers that discovery, to more strictly define the classes that we're seeking to move forward with towards trial. The individual that you're speaking of drove with another driver for an extremely short period of time. The majority of his career with KLM, he was just like any other company driver. He had to take the loads offered and provided. He could only take loads provided by KLM. He was subject to the rates and the pickup and drop-off locations set by KLM and a multitude of other factors that are uniform across the entire class of individuals that plaintiff seeks to represent. Any trucking company would have to have people pick up wherever the load is and I really don't see that as having anything to do with people being independent contractors. Yes, Your Honor. I had moved, I was talking more to the control of these individuals and whether any trucker would do this versus any trucker wouldn't have to. The question remains the same. Did KLM control these individuals to the extent they could not operate as their own and that was certainly the case here and despite the minimal differences that plaintiff does point out or excuse me, that defendant does point out such as some drivers had had a pet on board and others did not. Many of these differences do not actually go to the heart of the matter that plaintiff will have to choose to show on the merits and that should be disregarded at this point in time and this is all to say, Your Honor, and I realize I'm, Your Honors, and I realize I am coming close up to time especially considering the extra time. You're way over time but you can conclude quickly. I appreciate that. The economic realities test is a test that is applied to the merits. There is, I would struggle and I would, to find any case, any court whatsoever that allowed summary judgment type analysis of the merits of the case to be conducted at final certification let alone conditional certification. At this point in the case, what the court is looking at and what the district court did is it examines the facts presented before it by both parties and it tried and it determines whether the group of people presented could be situated enough to proceed as a collective to allow notice to go forward. Notice is meant to be a tool of judicial efficiency. It is not something to be run from. It is meant to create, to stop a multitude of litigation from taking place and to allow everything to be consolidated under one court. Judge Jones, may I ask a question, Judge Jones? Yes, sir. The Sushon case, the case from Colorado, what is the distinction in its approach to the collective action as opposed to the two-step program? So the Sushon case, I believe, Your Honor, what they did is they really conflated a Rule 23 class action with an FLSA action and that has been seen as improper in courts across the United States. That is seen as improper in circuits across the United States. Why is it improper? It's improper because Congress has specifically legislated a separate procedure to apply to FLSA class actions or Rule 216B class actions. But I thought that case applied Rule 23 to the extent that it was not inconsistent with 216 and the authorities interpreting 216. And Your Honor, to the extent that that is the case, looking at an FLSA class action for similarities consistent with Rule 23 at the conditional certification stage is still not proper to the extent that it is not the at conditional certification in FLSA cases. FLSA cases, the Fair Labor Standards Act was specifically amended with the portal-to-portal amendment, which created this opt-in procedure, which is not present in any case in Rule 23 cases. Now, in Rule 23 cases, the plaintiff... Okay. I think you've answered his question. And to be more precise about it, the portal-to-portal cut back on the Fair Labor Standards Act as originally interpreted. So scholars can disagree, I believe, about whether it was supposed to make a class action easier or harder by requiring people to opt in. But anyway, you've had a lot of time and done very well. And we move back to Mr. Monroe for rebuttal. And hopefully we'll limit this to five minutes. I mean, both sides have gotten extra time and the case deserves it, but five minutes, Mr. Monroe. Thank you, Your Honor. Thank you, Judge Jones. Judge Jones, you're absolutely right. In Judge Jordan's order, there is plenty, plenty to see there. And he was very concerned and he wants this court to give guidance. It didn't give guidance in Mooney. It didn't give guidance in J.P. Morgan Chase. It has passed on this question time after time. And this is not a summary judgment question. We're not asking the court to decide the question, and by the court, I mean Judge Jordan, to decide the question of whether these contractors are employees or not. We're simply asking for the practical question. Can you try this case or can you not try this case as a individual? If you look at our record excerpts at tab six, just the eight we have that we'd opposed have 35 different facts that nobody answered the same question to. Not a single person is answering the same question time after time. And so there's plenty, plenty there, Judge Jones. And Judge Jolly, to your point, I think that the focus early is very important here because this is an initial step where you've got, already have eight contractors. You've got four that are named. And if you look at the Ann Dalby Patterson UTI drilling case, 280 FRD 287, it had four named plaintiffs that were supposedly contractors that were claimed to be employees. It said, we can't even try these four people together because the facts are too different and the analysis is individual. And the strongest case the plaintiffs had, Judge Jones, to your question was the Hubbard case. The Hubbard case was decertified. It was a contract, independent contractor versus employee case. It was decertified and the decertification, the court said that all the circumstances are too individual to warrant collective action. So I don't know how you try a case like this. So our position is Judge Jordan was truly concerned, just like the Lane v. DirecTV judge was. He was, in the Lane case, they were leery to go to the Vasco or the Clay standard. They were concerned and specifically they quote, given the fifth circuit has not yet indicated that discovery warrants a heightened standard, it was leery to and I'm citing the 211 Westlaw 693-34-607 at star seven. So that court, I think framed it very well, just like Judge Jordan did. This question has to be looked at closer, just like you said, Judge Jolly, in an independent contractor scenario. The practical question is, can this be logistically tried once it gets to trial? I would say no. Looking at the eight deposed plaintiffs and four more have opted in since, you can look at the facts here and tell that if you apply a much stricter scrutiny than Judge Jordan did, that the desperate factual employment settings of these people is too individualized. The whole thing- Mr. Monroe, let me try to clarify. I told you I had some difficulty figuring out what you were trying to say and I'm looking at the last paragraph of your blue brief. You're asking the court to reverse the grant of conditional certification and remand with instruction that consideration of the step two factors quote, is within the district court's discretion in determining whether to authorize notice. So are you assuming that we're going to apply Lusardi? Are you advocating for us to apply Lusardi? Judge Jones, Lusardi is certainly one method you could apply. I don't think that it matters the name. I think the issue here is, can the decision be made early? Because you pointed out earlier that Congress assumed all these folks were going to be employees when they wrote the Fair Labor Standards Act. And so right now, we need to come to the question sooner. Every court does, regardless of the type of case, but the sooner you can make the similar situated analysis, whether you follow the Lusardi standard or not. And certainly you could use the Lusardi framework and simply say, okay, we're going to follow this framework, but to the district courts below, you have the authority, particularly in independent contractor cases, to apply a stricter scrutiny, maybe even jump to that second step analysis, not to decide the question. Appellee keeps arguing that we should have motions for summary judgment. We're not asking the court to decide the question. We're asking the court simply to let the courts look at whether it can be tried as a collective. And I'm out of time, but thank you. May I ask one question, just one question? Yes. Following the description of the collective class to which the notice is being sent as per Judge Jordan, how many people will receive that notice? How many truck drivers will receive that notice? Judge Jolly, it's not in the record, but we've estimated approximately 2,600. Okay. Thank you. Okay. Well, that's, it's very interesting. So we appreciate your time. Thank you very much. We'll, we're in recess until nine o'clock tomorrow morning. Thank you. Thank you, your honors.